IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CIVIL ACTION NO. 1:13-CV-2978 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS | : | |
| | : | |
| Defendants | : | |

MEMORANDUM

On December 12, 2013, plaintiff Tyrone Green ("plaintiff"), an inmate presently incarcerated in the State Correctional Institution at Forest ("SCI-Forest"), Marienville, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 3.) Preliminary review of the complaint reveals that plaintiff includes unrelated claims against individuals employed at three separate Pennsylvania State Correctional Institutions. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

I.   Standards

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as

defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).

II.   Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. The claims found in "Count I" and "Count IV" are lodged against defendants who are employed at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") and concern events that occurred while plaintiff was incarcerated at that location. Count I includes claims of retaliation and denial of due process against defendants Bickel, Settle, Taylor, Morrison, Eckard, Garmen and Holtz. (Doc. 1, at 15-19.) In Count IV, plaintiff alleges defendants Bickel, Taylor, Morrison, Holtz, and Settle were negligent. (Id. at 25-27.) Both claims arise out of plaintiff's December 14, 2011 transfer from general population to administrative custody and the alleged removal of his personal property without being allowed to inventory the property. (Doc. 1, ¶¶ 14- 34, 64-69.)

In "Count II," he alleges that defendants Fisher, Abrashoff, Gaff, Miller, and Cornelious retaliated against him and violated his due process rights while he was temporarily incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield") for purposes of attending a pretrial hearing in the Court of Common Pleas of Huntingdon County scheduled for April 22, 2013. (Doc. 1 at 19-22, ¶¶ 46.) When he arrived at SCI-Smithfield on April 18, 2013, he was immediately placed in administrative custody. (Id. at ¶¶ 46-47.) He alleges that his repeated requests for access to his legal materials were denied. (Id. at ¶¶ 47-52.) He further alleges that because he was not provided with his materials until approximately April 25, 2013, the pretrial was postponed. (Id. at 53.) He also alleges that defendants denied him envelopes, which prevented him from contacting legal counsel. (Id. at ¶ 54.)

The claims set forth in "Count III" and Count "V" involve defendants Burkhart and Pack, both of whom are employed at SCI-Forest. Count III includes retaliation and denial of due process claims against defendant Burkhart. (Doc. 1, at 22-25.) Specifically, he alleges that defendant Burkhart gained "unauthorized access" to his personal property while he was at SCI-Smithfield. (Id. at ¶¶ 80-84.) Count V sets forth a negligence claim against defendants Burkhart and Pack based on their alleged taking of various items of personal property. (Id. at ¶¶ 91-95.)

Count VI is a general negligence claim lodged against the named defendants' employer, the Pennsylvania Department of Corrections. (Doc. 1, ¶¶ 96-98.)

As is evident from the above, the complaint includes a number of separate transactions and occurrence or series of transactions or occurrences. They concern

unrelated incidents that occurred at three separate institutions and do not involve an issue of law or fact common to all defendants. While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D.Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

III.   Conclusion

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint. To the extent that he believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other as they occurred at separate institutions, plaintiff should file separate complaints addressing each violation.

An appropriate Order will issue.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      January 28, 2014