**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE GREEN,** | : | **CIVIL ACTION NO. 1:13-CV-2978** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPARTMENT** | : | |
| **OF CORRECTIONS** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 24th day of November, 2015, upon consideration of plaintiff's

motion (Doc. 41) for reconsideration, and it appearing that plaintiff fails to

demonstrate one of three major grounds needed for a proper motion for

reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218

(3d Cir. 1995) (stating three major grounds include "(1) an intervening change in

controlling law; (2) the availability of new evidence [not available previously]; [or]

(3) the need to correct clear error [of law] or prevent manifest injustice." ), but,

rather, reargues matters already argued and disposed of by the court, see Waye v.

First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a]

motion for reconsideration is not to be used to reargue matters already argued and

disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v.

Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations

omitted) (holding "[a] party seeking reconsideration must show more than a

disagreement with the Court's decision, and 'recapitulation of the cases and

arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that the motion (Doc. 41) for reconsideration is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania